

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 10, 1973

Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College & University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 26

Re: Fees collected from
non-resident military
personnel by institutions
of higher learning under
§ 54. 058 of the Texas
Education Code.

Dear Mr. Reed:

Your request for an opinion reads:

"Section 54. 058(d) of the Texas Education Code
provides that '. . . nonresident military personnel
. . . attending an institution of higher education under
a contract between the institution and any branch of
the Armed Forces of the United States, in which the
tuition of the member of the military is paid in full
by the United States government , . . . shall pay the
nonresident tuition fee . . . .' (emphasis added).
What is meant by the phrase 'paid in full'? If a por-
tion of the tuition is paid by the student or from
scholarship funds of the college, would the institution
be required to charge the nonresident tuition fee? If
the answer to the second question is negative, would
such nonresident military personnel be subject to the
provisions of Section 54. 058(b) of the Texas Education
Code? "

Section 54. 052 of the Texas Education Code sets out the general
rules for classifying students as "resident" or "non-resident". Section
54. 058, formerly Article 2654c, (1)(k), V. T. C. S. , modifies the general
rule and sets out additional rules applicable to non-resident military
personnel and their dependents, exempting certain of them from non-
resident tuition requirements. Without changing their classification,
they are accorded certain privileges otherwise reserved to residents.
Persons who would be classified as residents under other provisions

p. 111

of the Code are not affected. Compare Carrington v. Rash, 380 U. S. 89, 13 L. Ed. 2d 675, 85 S. Ct. 775(1965). Codification of the Education Code worked no substantial change in the law. Acts, 1971, 62nd Leg., p. 3319.

In effect, the provisions now embodied in subsection 54. 058(d) exclude from subsection 54. 058(b) exempt status any non-resident military personnel attending an institution of higher learning in this state under a contract between the institution and any branch of the U. S. Armed Forces whereby the person's tuition is paid in full by the United States government.

Section 2. 01 of the Code Construction Act, Article 5429b-2, V. T. C. S., specifies that words and phrases shall be read in context and construed according to the rules of grammar and common usage. In this context the term "paid in full" is synonymous with "entirely paid", or "paid in its entirety". See FULL, 17A Words and Phrases 466; and Webster's Third New International Dictionary, p. 919, where full is said to mean:

"3. the requisite or complete amount - often used with in [paid in full]."

It is our opinion that the Legislature intended the words in this sense and that if any portion of the tuition is paid by the student or from some other source, such as scholarship funds, the tuition would not be "paid in full" by the United States government and the exclusion would not apply. Subsection 54. 058(b) would then control. See Attorney General Opinions C-183(1963), M-1106(1972).

### SUMMARY

Non-resident military personnel who would be exempt under subsection 54. 058(b) of the Texas Education Code from paying non-resident tuition fees are not excluded from such exempt status by subsection 54. 058(d) if any portion of their tuition is paid from sources other than the federal government.

Very truly yours,

JOHN L. HILL
Attorney General of Texas
p. 112

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee